[Civ. No. 439.   Second Appellate District.—December 20, 1907.]

T. F. JOYCE, Respondent, v. NEWMARK & EDWARDS, Copartners, M. N. NEWMARK and D. K. EDWARDS et al., Appellants.

STREET IMPROVEMENT—CONTRACT—UNAUTHORIZED SPECIFICATIONS—IN-
CREASED COST OF WORK—INVALID BONDS.—Specifications upon which contract for a street improvement is based, that all loss or damages arising from the nature of the work to be done shall be borne by the contractor, are unauthorized as tending to increase the cost of the work, and render void the bonds issued pursuant to the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Jones & Drake, for Appellants.

Bernard Potter, for Respondent.

ALLEN, P. J.—Action to obtain a decree annulling certain assessments and bonds issued pursuant thereto, and to quiet

title to certain premises involved.  Judgment for plaintiff from which judgment and a subsequent order denying a new trial defendants appeal.

The ownership of plaintiff in the premises is not questioned. The only claim of the defendants thereto grows out of the issuance of certain bonds issued on account of the improvement of Workman street in the city of Los Angeles.  The record shows that the contract for the work of such improvement was awarded to one Groat; that such contract and the resolution of intention to improve the street, and all proceedings intermediate the adoption of the resolution to improve and the final award of the contract, were based upon provisions contained in the specifications, "that all loss or damages arising from the nature of the work to be done . . . shall be sustained by the contractor."  The effect of such provision in the specifications has been determined by the supreme court of this state in many cases, and finally in *Woollacott* v. *Meekin,* 151 Cal. 701, [91 Pac. 612], wherein such specifications are said to be unauthorized and impose conditions tending to increase the cost of the work, and therefore render void the bonds issued pursuant to such contract.  In that case it is further determined by a majority of the court that the like decisions in previous cases involving a similar question were permissible and constitute a rule of property, and the duty of the courts was to adhere thereto.  Under this mandate, we are permitted only to say, that this claim of defendants, being a claim of lien based upon a void assessment and void bonds, was properly annulled, and, under such last-named decision, the decree quieting title properly entered.

This conclusion renders it unnecessary to discuss any other questions involved in the appeal.

The judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.